## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **ORLANDO JONES**<br>3216 Eagle Ridge Drive<br>Woodbridge, VA 22191 | )<br>)<br>)<br>) | |
| Plaintiff, | )<br>) | |
| v. | )<br>) | Civil Action No: |
| **ROBERT A. MCDONALD**<br>**Secretary**<br>**UNITED STATES DEPARTMENT OF**<br>**VETERAN AFFAIRS**<br>810 Vermont Avenue, NW<br>Washington, DC 20420 | )<br>)<br>)<br>)<br>)<br>) | |
| Defendant. | )<br>) | |

## COMPLAINT

1.     This is a suit brought against the United States Department of Veterans Affairs

(hereinafter "VA") and alleges discrimination based upon:

      a.     Race and gender, in violation of Title VII of the Civil Rights Act of 1964 as

amended, 42 U.S.C. § 2000e *et seq.* at §§2000e-2 and §§2000e-3 *et seq.,*("Title VII"),

and;

      b.     Age, in violation of the Age Discrimination in Employment Act of 1967 as

amended, 29 U.S.C. 621 et seq. ("ADEA");

      c.     Disability, in violation of Title I of the Americans with Disabilities Act ("ADA),

42 U.S.C. §§ 12101, *et seq.*;

      d.     Retaliation, also under Title VII, the ADEA, and the ADA.

2.     Plaintiff asserts, as to each of the claims set forth in paragraph 1 above, that the

VA created a hostile work environment for him; discriminated against him on the basis of his

race, gender, and age; caused him to suffer major anxiety; failed to provide reasonable accommodation; refused approval of medical or personal leave; and retaliated against him for having complained about such discrimination. On the basis of these violations, Plaintiff seeks a declaratory judgment, permanent injunctive relief, and monetary damages.

## JURISDICTION, VENUE AND EXHAUSTION OF ADMINISTRATIVE REMEDIES

3.     This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1343 (a)(4), 28 U.S.C. § 1367, and 28 U.S.C § 2201 and 2202, *inter alia.*

4.     This action arises under Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e, *et seq.*; the Age Discrimination in Employment Act, 29 U.S. C. 621, et seq.; and, Title I of the Americans with Disabilities Act ("ADA), 42 U.S.C. §§ 12101, *et seq.*

5.     Venue is proper in the District Court pursuant to 28 U.S.C. Section 1391(b) in that all of the events or omissions giving rise to Plaintiff's claims occurred in the District of Columbia, and Defendant may be found in this judicial district.

6.     Plaintiff has exhausted all of his administrative remedies and all of his resolutions and attempts have been rejected by the Government.  Plaintiff filed a Complaint of Employment Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on, or about, September 15, 2012, and a second Complaint of Employment Discrimination on, or about, January 8, 2013, and a third Complaint on January 14, 2013.

7.     Plaintiff's claim remains unresolved by the EEOC.

8.     Any and all other procedures and remedies were fully exhausted.

## PARTIES

9.     Plaintiff, Orlando Jones, is a United States citizen and a resident of the State of Virginia. He has worked for the Department of Veteran Affairs since, on or about, September 4,

2007.  His position at the time of the complained of acts was Lead Program Specialist in the VA

Learning University. Plaintiff was assigned to that position on January 31, 2011.  Plaintiff  is a

black male over the age of forty (40), and is a 70 percent Vietnam Era Service Connected

Disabled Veteran.

      10.     Defendant, Department of Veteran Affairs ("VA"), is a cabinet-level department

of the government of the United States of America.  Robert A. McDonald serves as the Secretary

of the Department of Veteran Affairs.  The VA is tasked with providing services and benefits to

veterans of the Armed Forces of the United States of America.

## FACTS

      11.     Plaintiff has been a valuable employee of the VA since his hire on or about

September 4, 2007.

      12.     Prior to joining the VA, Plaintiff was a decorated Sergeant Major in the US Army.

      13.     Plaintiff is an African American Male and during the period complained about, he

was 57 years old.

      14.     Plaintiff is a 70 percent disabled Vietnam Veteran.

      15.     He was a Lead Program Specialist, GS-14, in the Office of the Assistant Secretary

for Human Resources and Administration.

      16.     Prior to bringing this action, Plaintiff had filed an EEO Complaint on or about

April 30, 2009.

      17.     As a result of his treatment complained of herein, Plaintiff contacted the EEO

Counselor on July 25, 2012.

18.     However, when counseling did not result in a resolution, on or about September 1, 2012, Plaintiff filed a EEO Complaint for, inter alia, discrimination based on race, sex, age, and national origin; reprisal and retaliation; and hostile work environment.

19.     In September, 2012, Plaintiff also filed a complaint with OSC regarding fraud, waste and abuse through the Whistleblower Act.

20.     On or about January 7, 2013, Plaintiff brought a second complaint to the EEO for, inter alia, discrimination based on race, gender, and age; and reprisal and retaliation.

21.     Plaintiff is the only African American Male over the age of 50 working as a Lead Program Specialist.

22.     Plaintiff  had received excellent employment reviews throughout his tenure at the VA, until the conduct complaint of herein began to occur.

23.     Alice Muellerweiss, Dean of VA Learning University, and Plaintiff's second line supervisor, began working at the VA in the beginning of 2011.

24.     On May 4, 2012, Alice Muellerweiss poked fun at the Plaintiff and spoke about him in a condescending manner during an employee's farewell ceremony.

25.     On May 7, 2012, Dr. Reginald Vance, who at the time was the Acting Supervisory Management Analyst and Plaintiff's interim supervisor, acted in a similar way as Alice Muellerweiss, by pointing a finger in Plaintiff's face in a threatening and intimidating manner and yelling at him.

26.     Dr. Vance became aware of Plaintiff's prior OSC activity on or about May 14, 2012 and his prior EEO activity on or about July 25, 2012, as well as after Plaintiff filed his current complaints.

27.     Plaintiff later found out from a co-worker that Dr. Arthur McMahan, Deputy Dean, called Plaintiff a "smart ass" and "a know it all," and stated that he did not like him.

28.     Dr. McMahan became aware of Plaintiff's prior OSC activity on or about May 14, 2012 and his prior EEO activity on or about July 25, 2012, as well as after Plaintiff filed his current complaints.

29.     Subsequently, on or about August 2, 2012, Zelda Davis, Supervisor, approached the Plaintiff in a threatening and intimidating manner, began pointing her finger in his face and started yelling at the Plaintiff.

30.     This occurred after the Plaintiff left the office for approximately one hour due to medical issues.

31.     Plaintiff was issued a reprimand as a result of this incident, as discussed below, even though he did not initiate the confrontation.  Ms. Davis was not issued a reprimand.

32.     Beginning on or about May 4, 2012, management, began removing key members of Plaintiff's team and reassigning them to other positions, without Plaintiff's involvement in the decision making process.

33.     A total of 12 members were moved from under him.  This change jeopardized Plaintiff's pay grade as it was based on him being a supervisor

34.     These reassignments also made it significantly more difficult for Plaintiff to perform his job duties, as he was understaffed.

35.     The Defendant further refused to compensate Plaintiff properly for work performed.

36.     Specifically, on or about August 24, 2012, Plaintiff was detailed to help set up a conference in Phoenix, Arizona.  This required him to work on the weekend, to arrive early in the morning at the site, and to stay late.

37.     Upon completion of the work, Plaintiff submitted his request for compensation for the additional work performed.

38.     On or about August 30, 2012 and September 24, 2012, Ms. Chris Burroughs, Director for Policy Plans and Resources, and Plaintiff's first line supervisor, failed to approve and grant the Plaintiff compensatory time earned during the period of August 24 through August 29, 2012.

39.     Similarly, during the period of June 1, 2012 through September 25, 2012, Ms. Burroughs denied approval of sick leave requested by the Plaintiff.

40.     Ms. Burroughs then, on or about September 4, 2012, criticized Plaintiff's work efforts, and approached him in an intimidating manner.

41.     On or about September 21, 2012, Ms. Burroughs investigated the incident that occurred on August 2, 2012, in which her investigation portrayed the Plaintiff in an unfavorable light by accusing him of being the aggressor and placing blame for the incident on him.

42.     Subsequently, on or about October 22, 2012, Ms. Burroughs then issued the Plaintiff a letter of reprimand for "inappropriate conduct" on August 2, 2012 and September 27, 2012.

43.     Beginning on or about September 24, 2012 through September 27, 2012, ongoing, Ms. Burroughs also carbon copied e-mail correspondence that contained privileged and personal medical information, to another employee, Zelda Davis.

44.     Due to Plaintiff's disability and thus medical issues, Plaintiff was required to take regular leave in order to attend doctor's visits and other health related visits.  These requests of leave were necessary and were a reasonable accommodation requested.

45.     The Defendant was aware of his medical condition and his status as a 70 percent disabled Vietnam Veteran.

46.     Consequently, as a result of medical issues, Plaintiff took administrative leave, which was approved prior to doing so, beginning on November 26, 2012 for three days.

47.     In response, on November 26, 2012, Ms. Burroughs issued a written notice regarding Plaintiff's alleged failure to properly request leave in advance from his supervisor, even though he had done so.

48.     On November 29, 2012, Ms. Burroughs further required Plaintiff to return to the facility to enter his leave request into IFCAP, even though Plaintiff had to go to the doctor the same day and even though he had previously requested and informed Ms. Burroughs of his need to do so.

49.     This was not the first time Ms. Burroughs denied sick leave, as previously stated. During the period of June 1, 2012 through September 25, 2012, Ms. Burroughs denied approval of sick leave requested by the Plaintiff

50.     Ms. Burroughs became aware of Plaintiff's prior protected activity on or about July 27, 2012.

51.     At all times relevant to this Complaint, the VA employees, supervisors and officials were acting in their official capacity as United States Department of Veterans Affairs employees and officials.

52.     Defendant is liable for the actions of their employees and officials, who were acting within the course of their employment.

## INJURIES SUFFERED BY PLAINTIFF

53.     Defendant's illegal discrimination, retaliation and hostile work environment has caused Plaintiff to suffer irreparable loss and injury including, but not limited to, economic loss, humiliation, embarrassment, emotional distress and deprivation of his right to equal employment opportunities.

54.     The Defendant's failure to promote Plaintiff because of his gender, age, race, and national origin, in retaliation, and as a result of the hostile work environment, caused him financial injury.

55.     The strain caused by the embarrassment, humiliation and indignity of being denied a promotion based on his gender, age, race, and national origin, in retaliation, and as a result of the hostile work environment, caused Plaintiff's emotion and mental suffering, including anxiety and sleeplessness.

56.     The retaliatory work environment at the VA also contributed significantly to Plaintiff's emotional and mental suffering, including, but not limited to, anxiety, embarrassment, humiliation and despair.

57.     Defendant's acts and omissions, as described herein, created a hostile work environment to the detriment of Plaintiff's physical, emotional, and financial well-being.

## CLAIMS FOR RELIEF

## COUNT I

**Discrimination Based Upon Gender, Race and National Origin under Title VII**

58.     Plaintiff hereby incorporates by reference paragraphs one (1) through fifty seven (57).

59.     This cause of action arises under Title VII, as amended, 42 U.S.C. §§ 2000e-5 and 2000e-16.

60.     Plaintiff is a African American male, and therefore is a member of protected classifications within the meaning of Title VII.

61.     Plaintiff was qualified to perform the duties of his position as a Lead Program Specialist on behalf of Defendants.

62.     Plaintiff performed the duties of a Lead Program Specialist in a satisfactory manner on behalf of Defendants.

63.     Plaintiff was subjected to disparate treatment as it relates to work assignments, promotion, discipline, office assignments, and leave requests, as outlined above and incorporated by reference herein, on the basis of his race and gender, in violation of Title VII.

64.     Plaintiff was subjected to a hostile work environment, as outlined above and incorporated by reference herein, within the meaning of Title VII on the basis of  his race and gender.

65.     As a direct and proximate result of the discriminatory and harassing conduct of Defendant and its agents and/or employees, Plaintiff has lost considerable pay, has suffered humiliation, mental anguish, and emotional pain, as well as other incidental and consequential damages.

66.     Defendant's agents and/or employees' unlawful and discriminatory motives in their treatment of Plaintiff's employment were willful, wanton, and malicious.  As a result,

Plaintiff is entitled to full relief under the law, including, but not limited to, economic damages, compensatory and punitive damages.

67.     The above stated damages were not the result of any act or omission on the part of Plaintiff.

## COUNT II

### Age Discrimination under ADEA

68.     Plaintiff hereby incorporates by reference paragraphs one (1) through sixty seven (67).

69.     This cause of action arises under the Age Discrimination in Employment Act ("ADEA") of 1967 as amended, 29 U.S. C. 621 et seq.

70.     Plaintiff is over the age of 40, and therefore is a member of a protected classification within the meaning of the ADEA.

71.     Plaintiff was qualified to perform the duties of his position as a Lead Program Specialist on behalf of Defendant.

72.     Plaintiff performed the duties of a Lead Program Specialist in a satisfactory manner on behalf of therDefendant.

73.     Plaintiff was subjected to disparate treatment as it relates to work assignments, promotion, discipline, office assignments, and leave requests, as outlined above and incorporated by reference herein, on the basis of his age, in violation of the ADEA.

74.     Plaintiff was subjected to a hostile work environment, as outlined above and incorporated by reference herein, within the meaning of the ADEA on the basis of his age

75.     As a direct and proximate result of the discriminatory and harassing conduct of Defendant and its agents and/or employees, Plaintiff has lost considerable pay, has suffered

humiliation, mental anguish, and emotional pain, as well as other incidental and consequential damages.

76.     Defendant's agents and/or employees' unlawful and discriminatory motives in their treatment of Plaintiff's employment were willful, wanton, and malicious. As a result, Plaintiff is entitled to full relief under the law, including, but not limited to, economic damages, compensatory and punitive damages.

77.     The above stated damages were not the result of any act or omission on the part of Plaintiff.

## COUNT III

### Disability Discrimination under ADA

78.     Plaintiff hereby incorporates by reference paragraphs one (1) through seventy seven (77).

79.     This cause of action arises under Title I of the Americans and Disabilities Act ("ADA), 42 U.S.C. §§ 12101, *et seq*.

80.     Plaintiff is a 70 percent Vietnam Era Service Connected Disabled Veteran and therefore had a disability and/or was regarded as having a disability by Defendant within the meaning of the ADA.

81.     Plaintiff was able to perform the duties of his position as a Lead Program Specialist, with or without a reasonable accommodation, within the meaning of the ADA.

82.     Plaintiff was subjected to a hostile work environment, as outlined above and incorporated by reference herein, within the meaning of the ADA on the basis of his disability.

83.     Plaintiff requested a reasonable accommodation, as outlined above and incorporated by reference herein, but was denied such reasonable accommodation on more than one occasion.

84.     Plaintiff was subjected to adverse employment actions within the meaning of the ADA as a result of his disability and in response to his requests for reasonable accommodation.

85.     As a direct and proximate result of the discriminatory and harassing conduct of Defendant and its agents and/or employees, Plaintiff has lost considerable pay, has suffered humiliation, mental anguish, and emotional pain, as well as other incidental and consequential damages.

86.     Defendant's agents and/or employees' unlawful and discriminatory motives in their treatment of Plaintiff's employment were willful, wanton, and malicious.  As a result, Plaintiff is entitled to full relief under the law, including, but not limited to, economic damages, compensatory and punitive damages.

87.     The above stated damages were not the result of any act or omission on the part of Plaintiff.

## COUNT IV

### Retaliation under Title VII

88.     Plaintiff hereby incorporates by reference paragraphs one (1) through eighty seven (87).

89.     This cause of action arises under Title VII, as amended, 42 U.S.C. §§ 2000e-5 and 2000e-16.

90.     Plaintiff was subjected to adverse employment actions within the meaning of Title VII when he was harassed, and treated disparately for complaining, both verbally and in writing, about discrimination on the basis of race and gender.

91.     When Plaintiff opposed the disparate and adverse treatment, Defendant began subjecting Plaintiff to a severe pattern of illegitimate retaliatory conduct.

92.     As a direct and proximate result of the discriminatory and retaliatory conduct of Defendant and its agents and/or employees, Plaintiff has lost considerable pay, has suffered humiliation, mental anguish, and emotional pain, as well as other incidental and consequential damages.

93.     Defendant's agents and/or employees' unlawful and discriminatory motives in their treatment of Plaintiff's employment were willful, wanton, and malicious.  As a result, Plaintiff is entitled to full relief under the law, including, but not limited to, economic damages, compensatory and punitive damages.

94.     The above stated damages were not the result of any act or omission on the part of Plaintiff.

## COUNT V

### Retaliation under ADEA

95.     Plaintiff hereby incorporates by reference paragraphs one (1) through ninety four (94).

96.     This cause of action arises under Age Discrimination in Employment Act ("ADEA") of 1967 as amended, 29 U.S. C. 621 et seq.

97.     Plaintiff was subjected to adverse employment actions within the meaning of the ADEA when he was harassed, and treated disparately for complaining, both verbally and in writing, about discrimination on the basis of age.

98.     When Plaintiff opposed the disparate and adverse treatment, Defendant began subjecting Plaintiff to a severe pattern of illegitimate retaliatory conduct.

99.     As a direct and proximate result of the discriminatory and retaliatory conduct of Defendant and its agents and/or employees, Plaintiff has lost considerable pay, has suffered humiliation, mental anguish, and emotional pain, as well as other incidental and consequential damages.

100.    Defendant's agents and/or employees' unlawful and discriminatory motives in their treatment of Plaintiff's employment were willful, wanton, and malicious.  As a result, Plaintiff is entitled to full relief under the law, including, but not limited to, economic damages, compensatory and punitive damages.

101.    The above stated damages were not the result of any act or omission on the part of Plaintiff.

## COUNT VI

### Retaliation under ADA

102.    Plaintiff hereby incorporates by reference paragraphs one (1) through one hundred one (101).

103.    This cause of action arises under Title I of the Americans and Disabilities Act ("ADA), 42 U.S.C. §§ 12101, *et seq.*

104.    Plaintiff was subjected to adverse employment actions within the meaning of the ADA when he was harassed, and treated disparately for complaining, both verbally and in writing, about discrimination on the basis of his disability.

105.    When Plaintiff opposed the disparate and adverse treatment, Defendant began subjecting Plaintiff to a severe pattern of illegitimate retaliatory conduct.

106.    As a direct and proximate result of the discriminatory and retaliatory conduct of Defendant and its agents and/or employees, Plaintiff has lost considerable pay, has suffered humiliation, mental anguish, and emotional pain, as well as other incidental and consequential damages.

107.    Defendant's agents and/or employees' unlawful and discriminatory motives in their treatment of Plaintiff's employment were willful, wanton, and malicious.  As a result, Plaintiff is entitled to full relief under the law, including, but not limited to, economic damages, compensatory and punitive damages.

108.    The above stated damages were not the result of any act or omission on the part of Plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Mr. Orlando Jones requests that this Court enter judgment in his favor and award him the following relief:

A. Declare that the actions of Defendants, described above, constitute discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*., the Age Discrimination in Employment Act, 29 U.S.C. 621 et seq.; and the Americans with Disability Act, 42 U.S.C. §§ 12101, *et seq*.

B.  Order Defendant to cease and desist from all future discrimination and retaliation against Plaintiff;

C.  Award Plaintiff compensatory damages in an amount to be determined at trial, for his loss and injury including, but not limited to, economic loss, embarrassment, humiliation, emotional pain and suffering, inconvenience, and other non-pecuniary loses and deprivation of his right to equal employment opportunities, in an amount to be determined,  but in no event less than $1,000,000.00 pursuant to 42 U.S.C. § 1981 a(a)(1);

D.  Award Plaintiff all lost salary and benefits that he would have received had Defendant not engaged in unlawful discrimination and retaliation, including appropriate back pay;

E.  Order the Defendant to give a neutral recommendation when contacted by prospective employers of Plaintiff;

F.  Order Defendant to remove all wrongful letters of admonition pertaining to the Plaintiff from the Office of Attorney General's and District of Columbia Human Resources file;

G.  Award Plaintiff prejudgment interest;

H.  Grant Plaintiff declaratory relief, including, but not limited to, comparable employment, acceptable to Plaintiff's previous employment within the District of Columbia,;

I.  Grant Plaintiff declaratory relief, including, but not limited to, mandatory sensitivity training for Defendants;

J.  Award Plaintiff reasonable attorney's fees and costs incurred in this action and the administrative claim that preceded it;

K.  Award such other relief as the Court deems appropriate and just.


## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedures, Plaintiff requests a trial by jury as to all issues in this case.


Respectfully Submitted,

A.P. Pishevar, Esq. (D.C. Bar No. 451015)
*Pishevar & Mohammadi, P.C.*
226 North Adams Street
Rockville, Maryland 20850
Phone: (301) 279-8773
Fax:     (301) 279-7347
*Attorney for Plaintiff*